1  Nadia P. Bermudez, Bar No. 216555
2  KLINEDINST PC
   501 West Broadway, Suite 600
3  San Diego, California  92101
   (619) 239-8131/FAX (619) 238-8707
4  nbermudez@klinedinstlaw.com
5
   Lindsey N. Casillas, Bar No. 269688
6  KLINEDINST PC
7  801 K Street, Suite 2100
   Sacramento, California 95814
8  (916) 444-7573/FAX (916) 444-7544
   lcasillas@klinedinstlaw.com
9
10 Attorneys for Defendant,
   BRAEMAR PARTNERSHIP dba
11 CATAMARAN RESORT HOTEL AND
   SPA
12

13           **UNITED STATES DISTRICT COURT**

14          **SOUTHERN DISTRICT OF CALIFORNIA**

15

| | |
|---|---|
| 16 PETER STROJNIK (SR.), | Case No. 3:19-cv-01446-GPC-MSB |
| 17          Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BRAEMAR** |
| 18      v. | **PARTNERSHIP dba CATAMARAN RESORT HOTEL AND SPA'S** |
| 19 BRAEMAR PARTNERSHIP DBA CATAMARAN RESORT HOTEL | **MOTION TO DISMISS PURSUANT TO FRCP R. 12(B)6, 12(E) AND** |
| 20 AND SPA, | **MOTION TO STRIKE PURSUANT TO FRCP R. 12(F)** |
| 21          Defendant. | |
| 22 | Date:        December 13, 2019 |
| 23 | Time:        1:30 p.m. |
|    | Courtroom:   2D |
| 24 | Judge:       Hon. Gonzalo P. Curiel |
|    | Magistrate Judge:  Hon. Michael S. Berg |
| 25 | Trial Date:  None set |
| 26 | |
| 27 | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

28

Case No. 3:19-cv-01446-GPC-MSB

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BRAEMAR PARTNERSHIP dba CATAMARAN RESORT HOTEL AND SPA'S MOTION TO DISMISS PURSUANT TO FRCP R. 12(B)6, 12(E)

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

# **TABLE OF CONTENTS**

                                                                      **Page**

I.  INTRODUCTION ................................................................................1

II.  STATEMENT OF FACTS AS ALLEGED IN THE FAC .................1

III.  LEGAL STANDARD FOR A MOTION TO DISMISS ..................2

IV.  FOURTH CAUSE OF ACTION FOR COMMON LAW
     NEGLIGENCE SHOULD BE DiSMISSED.........................................3

V.  MOTION TO STRIKE IS APPROPRIATE AS TO VARIOUS
    ALLEGATIONS IN THE FAC ...........................................................5

    A.  The Court Should Strike the Attorney's Fees Request .........5

    B.  The Court Should Strike the Request for an Order for a Business
       Closure.............................................................................6

    C.  The Court Should Strike the Treble Damages Request..........6

    D.  The Court Should Strike the Punitive Damages Request........6

VI.  CONCLUSION..................................................................................8

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BRAEMAR PARTNERSHIP
dba CATAMARAN RESORT HOTEL AND SPA'S MOTION TO DISMISS PURSUANT TO FRCP R. 12(B)6, 12(E)

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ashcroft v. Iqbal*
   129 S.Ct. 1937, 1949 (2009) ............................................................ 2, 5

*Associated General Contractors of California, Inc. v. California State*
   *Council of Carpenters*
   459 U.S. 519, 527  (1983) .................................................................. 2

*Ballard v. Uribe*
   (1986) 41 Cal.3d 564, 572–573 ........................................................ 3

*Beck v. State Farm Mut. Auto. Ins. Co.*
   54 Cal.App.3d 347 (1976) ................................................................ 7

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ..................................................................... 2, 5

*Cedars-Sinai Medical Center v. Superior Court*
   18 Cal. 4th 1 (1998) ......................................................................... 3

*Dillon v. Legg*
   68 Cal.2d 728, 734 (1968) ................................................................ 3

*Estate of Saylor*
   54 F.Supp.3d 409 (D. Md. 2014) ...................................................... 4

*Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co.*
   185 Cal.App.3d 1149(1986) .............................................................. 7

*Ky. Fried Chicken of Cal. v. Superior Court*
   14 Cal. 4th 814, 819 (1997) .............................................................. 3

*Ladd v. County of San Mateo* 12 Cal.4th 913, 917(1996) ............................................ 3

*Louie v. BFS Retail & Commercial Operations, LLC*
   178 Cal. App. 4th 1544, 1556 (2009) ................................................ 4

*Monge v. Superior Court*
   176 Cal.App.3d 503, 510-11 (1986) .................................................. 7

*North Star Intern v. Ariz. Corp. Comm'n.*
   720 F.2d 578, 583 (9th Cir. 1983) .................................................... 3

*Org. for Advancement of Minorities v. Brick Oven Restaurant*
   406 F.Supp.2d 1120, 1129  (S.D.Cal. 2005) ..................................... 4

*Pareto v. FDIC*
   139 F.3d 696, 699 (9th Cir. 1998) ..................................................... 2

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BRAEMAR PARTNERSHIP
dba CATAMARAN RESORT HOTEL AND SPA'S MOTION TO DISMISS PURSUANT TO FRCP R. 12(B)6, 12(E)

*Sidney–Vinstein v. A.H. Robins Co.*
    697 F.2d 880, 885 (9th Cir. 1983) ................................................. 5

*Sprewell v. Golden State Warriors*
    266 F.3d 979, 988 (9th Cir. 2001) ................................................. 2

*Taylor v. Elliott Turbomachinery Co. Inc.* (2009)
    171 Cal. App. 4th 564 ................................................................. 3

*Wagner v. Regent Invs., Inc.*
    903 F.Supp. 966, 970 (E.D. Va. 1995) ........................................ 4

*Wander v. Kaus*
    304 F.3d 856, 858 (2002) ............................................................ 4

*White v. NCL America, Inc.*
    2006 WL 1042548 (S.D. Fla. 2006) ............................................ 4

*York v. Huerta-Garcia*
    36 F.Supp.2d 1231, 1234 (S.D. Cal. 1998) ................................. 3


**STATUTES**

42 U.S.C. § 12188(a)(1) ..................................................................... 4

42 U.S.C. § 2000a-3(a) ...................................................................... 4

Cal. Civ. Code § 52(a) ....................................................................... 6

Cal. Civ. Code §§ 54.3, 55 ................................................................ 6

Civ. Code §§ 3294 (c)(1) and (2) ...................................................... 7


**OTHER AUTHORITIES**

CACI 3940 ......................................................................................... 7


**RULES**

Fed. Rules of Civ. P., rule 12(f) ........................................................ 5

Fed. Rules of Civ. P., rule 8(a)(2) ..................................................... 4

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Case No. 3:19-cv-01446-GPC-MSB

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BRAEMAR PARTNERSHIP dba CATAMARAN RESORT HOTEL AND SPA'S MOTION TO DISMISS PURSUANT TO FRCP R. 12(B)6, 12(E)

# I.   **INTRODUCTION**

Defendant Braemar Partnership *dba* Catamaran Resort Hotel and Spa ("Defendant") hereby brings this Motion to Dismiss the fourth cause of action for negligence pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)6 and/or 12(e).  Catamaran also simultaneously requests this Court strike allegations in Peter Strojnik's ("Strojnik") First Amended Complaint ("FAC") pursuant to FRCP 12(f).

*Pro Se* plaintiff Strojnik, an Arizona resident, filed his FAC against Catamaran alleging: (1) violation of the Americans with Disabilities Act ("ADA"), (2) violation of the California Unruh Civil Rights Act, (3) violation of the California Disabled Persons Act ("DPA") and (4) common law negligence. Strojnik's tack-on common law negligence claim must be dismissed as no facts are offered beyond conclusory ADA allegations against Catamaran, and the basic elements of the claim are not and cannot be alleged.  Further, throughout the FAC, Strojnik seeks remedies beyond what is legally allowable by way of the FAC or Strojnik has included immaterial and impertinent assertions, including: (1) a request for attorney's fees (FAC, p. 4, ln. 8) from an in *pro per* party; (2) request for an order for a business closure under the ADA and DPA (FAC ¶29, p. 5, lns. 13-13, ¶35 p. 6, lns. 21-22); (3) request for treble damages (FAC  ¶29, p. 5, ln. 16 and ¶35 p. 6, ln. 24; and (4) punitive damages (FAC ¶64, and p. 6, lns. 18-19).  For the reasons set forth below, such allegations must be stricken and the fourth count should be dismissed.

# II.   **STATEMENT OF FACTS AS ALLEGED IN THE FAC**

Strojnik, an Arizona resident and serial litigant, filed a Complaint alleging various violations of the Americans with Disabilities Act ("ADA") and claims based on California law.  He alleges that he suffers from various physical impairments and that he "walks with difficult and pain" which is "episodic ranging from dull and numbing pain to extreme and excruciating agony." (FAC, ¶3.)  Nonetheless, Strojnik alleges that vague plans to travel from Maricopa County, Arizona, to the Catamaran Resort Hotel and Spa (a *dba* of Defendant Braemar Partnership [Defendant"]), which

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Case No. 3:19-cv-01446-GPC-MSB

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BRAEMAR PARTNERSHIP dba CATAMARAN RESORT HOTEL AND SPA'S MOTION TO DISMISS PURSUANT TO FRCP R. 12(B)6, 12(E)

is operated by Evans Hotels. (FAC, ¶¶ 3.) [1]  Specifically, Strojnik "intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant hotel becomes fully compliant with the ADAAG." (FAC, ¶12.) [2]  Strojnik alleges that there are architectural barriers to his visit in the future (FAC, ¶10), as well as additional website accessibility issues. (FAC, ¶¶16-20.) [3]

## III.    LEGAL STANDARD FOR A MOTION TO DISMISS

A motion to dismiss pursuant to Rule 12(b)(6) should be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Allegations of material fact must be taken as true and construed in the light most favorable to the nonmoving party, *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998), but it is not proper to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 527 (1983). Thus, the Court need not accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact, or unreasonable inferences. See, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor is the Court required to accept, as true, allegations contradicted by an exhibit. *Id.* A court should first discard conclusory allegations and then determine whether the well-pled facts support a plausible inference of the underlying misconduct alleged. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[T]he mere possibility of

---

[1]  Evans Hotels was previously used on another ADA lawsuit by Peter Strojnik on April 5, 2019 in a case entitled, *Peter Strojnik (Sr.) v. Evans Hotels, LLC dba The Lodge At Torrey Pines,* Case No. 3:19-cv-0650-BAS-AHG filed in United States District Court, Southern District of California ("the Related Case"). Accordingly, a Notice of Interested Parties filed by Defendant on September 20, 2019 in both cases. [ECF No. 7, Ex. A.]

[2] These are boilerplate, identical allegations found in the Related Case.

[3] Again, these are identical allegations contained in the Related Case, including the paragraph numbers.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Case No. 3:19-cv-01446-GPC-MSB

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BRAEMAR PARTNERSHIP dba CATAMARAN RESORT HOTEL AND SPA'S MOTION TO DISMISS PURSUANT TO FRCP R. 12(B)6, 12(E)

1  misconduct" is insufficient. *Id.*, at 1950. "Dismissal is proper if a complaint is vague,

2  conclusory, and fails to set forth any material facts in support of the allegation." *York*

3  *v. Huerta-Garcia*, 36 F.Supp.2d 1231, 1234 (S.D. Cal. 1998) citing *North Star Intern*

4  *v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 583 (9th Cir. 1983).  Additionally, a party may

5  make a Motion for a More Definite Statement pursuant to Rule 12(e).

6  **IV.    FOURTH CAUSE OF ACTION FOR COMMON LAW NEGLIGENCE**

7  **SHOULD BE DiSMISSED.**

8  Strojnik asserts a per se negligence claim against Defendant. (FAC, ¶¶45-64.)

9  "'The elements of a cause of action for negligence are well established. They are '(a) a

10  legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the

11  proximate or legal cause of the resulting injury.'" *Ladd v. County of San Mateo*, 12

12  Cal.4th 913, 917(1996).  Further, the existence of a duty is a question of law for the

13  court." *Ky. Fried Chicken of Cal. v. Superior Court*, 14 Cal. 4th 814, 819 (1997).

14  Strojnik cannot establish any of these requisite elements here.

15  First, Strojnik fails to allege any basis for a valid legal duty owed to him by the

16  Defendant or a breach of that duty.  When courts speak of duty, they refer to "the sum

17  total of those considerations of policy which lead the law to say that the particular

18  plaintiff is entitled to protection."  *Cedars-Sinai Medical Center v. Superior Court*,

19  18 Cal. 4th 1 (1998); *Dillon v. Legg,* 68 Cal.2d 728, 734 (1968).

20  > [I]n determining the existence of duty, our task "is not to
21  > decide whether a particular plaintiff's injury was reasonably
22  > foreseeable in light of a particular defendant's conduct, but
23  > rather to evaluate more generally whether the category of
24  > negligent conduct at issue is sufficiently likely to result in
25  > the kind of harm experienced **that liability may appropriately be imposed on the negligent party**."
26  > *Ballard v. Uribe* (1986) 41 Cal.3d 564, 572–573, fn. 6…

26  *Taylor v. Elliott Turbomachinery Co. Inc.* (2009) 171 Cal. App. 4th 564, 593-594

27  (emphasis added).  Here, Strojnik only alleges garden-variety ADA and Unruh claims,

28  but no basis for a legal duty.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1    Strojnik's negligence cause of action is not saved by his reliance on violations

2    of the ADA either.  As the Court held in *Estate of Saylor,* 54 F.Supp.3d 409 (D. Md.

3    2014), negligence cannot be based on a breach of the ADA because, for a breach of a

4    statute to be evidence of negligence, the statute typically must pertain to public safety

5    or health, whereas the ADA is an anti-discrimination statute.  Similarly in *White v.*

6    *NCL America, Inc.,* 2006 WL 1042548 (S.D. Fla. 2006), the Court held that

7    "[b]ecause the ADA was not designed to protect those with disabilities from personal

8    injuries, Plaintiff is unable to state a claim for negligence per se." Transforming

9    ordinary ADA claims into negligence claims would be inappropriate expansion of

10   ADA law. [4]

11   Additionally, damages are not available to a private plaintiff suing under the

12   ADA; the remedy is limited to injunctive relief. *Louie v. BFS Retail & Commercial*

13   *Operations, LLC,* 178 Cal. App. 4th 1544, 1556 (2009), relying on 42 U.S.C.

14   § 12188(a)(1) [remedies available to private plaintiff, under ADA subchapter

15   regarding public accommodations and services operated by private entities, are

16   remedies set forth in 42 U.S.C. § 2000a-3(a), civil rights statute authorizing civil

17   action for injunctive relief]; *Wander v. Kaus,* 304 F.3d 856, 858 (2002); *Org. for*

18   *Advancement of Minorities v. Brick Oven Restaurant,* 406 F.Supp.2d 1120,

19   1129 (S.D. Cal. 2005). *Wagner v. Regent Invs., Inc.,* 903 F.Supp. 966, 970 (E.D. Va.

20   1995).

21   Furthermore, Plaintiff pleads no facts in support of the negligence claim beyond

22   the alleged ADA causes of action.  Since "[t]hreadbare recitals of the elements of a

23   cause of action, supported by mere conclusory statements, do not suffice" under Fed.

24   Rules of Civ. P., rule 8(a)(2), these canned inferences are insufficient as a matter of

25

26   _____

27   [4] See, Notice of Interested Parties filed by Defendant on September 20, 2019 [ECF No. 7, Ex. B, Judge Cynthia Bashant's Ruling Dismissing negligence claim on

28   similar allegations].)

4                    Case No. 3:19-cv-01446-GPC-MSB

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BRAEMAR PARTNERSHIP
dba CATAMARAN RESORT HOTEL AND SPA'S MOTION TO DISMISS PURSUANT TO FRCP R. 12(B)6, 12(E)

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  law and the negligence cause of action should be dismissed. *Iqbal,* 556 U.S. at 678;

2  *Twombly,* 550 U.S. at 555.

3  **V.    MOTION TO STRIKE IS APPROPRIATE AS TO VARIOUS**

4  **ALLEGATIONS IN THE FAC**

5  A Rule 12(f) motion to strike serves "to avoid the expenditure of time and

6  money that must arise from litigating spurious issues by dispensing with those issues

7  prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

8  A party may "strike from a pleading an insufficient defense or any redundant,

9  immaterial, impertinent, or scandalous matter" pursuant to Fed. Rules of Civ. P., rule

10  12(f). This Court should strike the FAC's "immaterial" and "impertinent" matter

11  pursuant to rule 12(f), including: (1) a request for attorney's fees (FAC, p. 4, ln. 8)

12  from an in *pro per* party; (2) request for an order for a business closure under the

13  ADA and DPA (FAC ¶29, p. 5, lns. 13-13, ¶35 p. 6, lns. 21-22); (3) request for treble

14  damages (FAC  ¶29, p. 5, ln. 16 and ¶35 p. 6, ln. 24; and (4) punitive damages (FAC

15  ¶64, and p. 6, lns. 18-19).

16  **A.    The Court Should Strike the Attorney's Fees Request**

17  No licensed attorney is appearing for Plaintiff.  Accordingly, the request for

18  attorney's fees should be stricken.  As set forth more fully below, Peter Strojnik held

19  himself out to be an attorney in Court filings (see, e.g., request for attorney's fees in

20  FAC, p. 4, line 8).  It is apparent at this time that Mr. Strojnik is not a licensed attorney

21  in any jurisdiction (he is fact disbarred from the practice of law in Arizona, in part,

22  for filing fraudulent and frivolous ADA claims). [5]

23  _____

24  [5] As stated in the Notice of Related Case, a motion to declare Peter Strojnik a
vexatious litigant is pending.  The motion details Peter Strojnik's disbarment from the

25  Arizona State Bar due to his filing of frivolous ADA cases.  (See, Declaration of Nadia
P. Bermudez [Bermudez Decl.], filed concurrently Ex. 1, ¶4)  Additionally, Peter

26  Strojnik has sued the Arizona State Bar in federal court due to his disbarment.

27  (Bermudez Decl. ¶4.)  The response from the State of Arizona details Strojnik's
disbarment based on filing frivolous ADA claims. (Bermudez Decl. ¶4, Ex. 2.)

28

### B. The Court Should Strike the Request for an Order for a Business Closure

Plaintiff offers no facts or legal basis for the closure of Defendant's business in the prayer for remedies for the Unruh Act violation (Count 2) and the California Disabled Persons Act (Count 3). (*See*, FAC, p. 6, lns. 21-22.) The Unruh Act provides for no such extreme remedy (see, Cal. Civ. Code § 52(a)), nor does the California Disabled Persons Act (Cal. Civ. Code §§ 54.3, 55). As such, the language should be stricken from the FAC.

### C. The Court Should Strike the Treble Damages Request

Defendant also moves to strike Plaintiff's claim for treble damages under California Civil Code section 33345 in connection. (See, FAC ¶29, p. 5, ln. 16 and ¶35 p. 6, ln. 24.) Plaintiff seeks statutory damages under the Unruh Act and the DPA, and cannot also request treble damages, which are simply not permissible under these statutes which provide a statutory penalty only. Accordingly, the request for treble damages should be stricken.

### D. The Court Should Strike the Punitive Damages Request

Defendant also moves to strike Plaintiff's claim for punitive damages on the ground that Plaintiff fails to plead what facts constitute "oppression, fraud or malice" under California Civil Code section 3294. Here, the alleged facts contained within the FAC do not support a claim for punitive damages against Defendant. Rather, this is a garden variety ADA action based on Strojnik's website visits and alleged hotel visits. The FAC fails to describe what alleged conduct Defendant engaged in to merit the standard necessary for punitive damages or the other requested extraordinary damages, beyond asserting baseless allegations that Defendants have committed ADA violations, which allegedly prevent Plaintiff from visiting its premises on an unknown future date. (FAC, ¶¶ 11-12)

///
///

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Case No. 3:19-cv-01446-GPC-MSB

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BRAEMAR PARTNERSHIP dba CATAMARAN RESORT HOTEL AND SPA'S MOTION TO DISMISS PURSUANT TO FRCP R. 12(B)6, 12(E)

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1    Therefore, the FAC fails to provide any factual support (other than conclusory

2    allegations) that Defendants conduct was deliberate, intentional, or malicious to merit

3    the requested damages.    California courts have traditionally expressed a strong

4    aversion to awards of punitive damages and stressed that they should only be awarded

5    under unusually aggravated circumstances. *Beck v. State Farm Mut. Auto. Ins. Co.,*

6    54 Cal.App.3d 347 (1976); *Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins.*

7    *Co.,* 185 Cal.App.3d 1149(1986).    A "critical element" necessary to establish

8    oppression or malice is the defendant's "unequivocally evil or mischievous motive."

9    *Monge v. Superior Court*, 176 Cal.App.3d 503, 510-11 (1986).    As such, the

10    Legislature added the more stringent requirement that a defendant's conduct must be

11    found "despicable" before an award of punitive damages can be justified.  Civ. Code

12    §§ 3294 (c)(1) and (2).    "'Despicable conduct' is conduct which is so vile, base,

13    contemptible, miserable, wretched or loathsome that it would be looked down upon

14    and despised by ordinary decent people."  2-3900, CACI 3940.

15    Here, there is nothing alleged in the FAC that would indicate Defendant

16    engaged in any malicious, willful, or deliberate conduct that would merit these

17    requested damages.  Even if the FAC were true, which Defendant strongly disputes,

18    this matter does not involve the type of alleged harm that gives rise to punitive

19    damages under California law.  Nor has any court authorized punitive damages under

20    these facts.  Therefore, the Court should strike the punitive damages claims as well as

21    the other extraordinary requests for damages, by striking the identified passages.

22

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

## VI.   <u>CONCLUSION</u>

For the reasons stated above, the Court should grant Defendant's motion to dismiss the fourth cause of action, and the motion to strike the identified impertinent and irrelevant allegations without leave to amend.

KLINEDINST PC

DATED:  September 24, 2019        By:        /s/Nadia P. Bermudez
                                              Nadia P. Bermudez
                                              Lindsey N. Casillas
                                              Attorneys for Defendant,
                                              BRAEMAR PARTNERSHIP dba
                                              CATAMARAN RESORT HOTEL AND SPA

18063005.1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BRAEMAR PARTNERSHIP dba CATAMARAN RESORT HOTEL AND SPA'S MOTION TO DISMISS PURSUANT TO FRCP R. 12(B)6, 12(E)

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101