# EXHIBIT 1

EXHIBIT 1
Page 000005

Nadia P. Bermudez, Bar No. 216555
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
nbermudez@klinedinstlaw.com

Lindsay N. Casillas, Bar No. 269688
KLINEDINST PC
801 K Street, Suite 2100
Sacramento, California 95814
(916) 444-7573/FAX (916) 444-7544

Attorneys for Defendant and Counter-Claimant, EVANS HOTELS, LLC, erroneously sued as dba The Lodge At Torrey Pines

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Strojnik (Sr.),<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Evans Hotels, LLC dba The Lodge At Torrey Pines,<br><br>　　　　Defendant.<br><hr>Evans Hotels, LLC,<br><br>　　　　Counter-Claimant,<br><br>　v.<br><br>Peter Strojnik (Sr.),<br><br>　　　　Counter-Defendant. | Case No. 19-cv-0650-BAS-BGS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927**<br><br>Date:　　　Monday, August 26, 2019<br>Time:　　　n/a<br>Courtroom:　4B<br>Judge:　　　Hon. Cynthia Bashant<br>Magistrate Judge: Hon. Bernard G. Skomal<br>Complaint Filed: April 05, 2019<br>Trial Date:　None set<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR SANCTIONS
19-cv-0650-BAS-BGS

EXHIBIT 1
Page 000006

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STROJNIK'S MISCONDUCT IN ARIZONA ADA CASES LEADING TO HIS DISBARMENT FROM THE PRACTICE OF LAW | 2 |
| III. | STROJNIK'S UNETHICAL, ABUSIVE CONDUCT IN CALIFORNIA AND THIS LITIGATION | 3 |
| | A. Despite An Agreement Not to Patronage Any Evans Hotels Property in October 2018, Strojnik Brings this Bad Faith Lawsuit | 3 |
| | B. Despite A Suspension, and then Disbarment From the Practice of Law, Strojnik Held Himself Out as an Attorney | 4 |
| | C. Despite a Suspension and Disbarment From the Practice of Law, Strojnik PC Made Demands in Excess of Statutory Damages | 5 |
| | D. Strojnik Is Now Targeting California, Texas, Hawaii and New Mexico Businesses With Frivolous ADA Lawsuits. | 5 |
| IV. | ARGUMENT | 6 |
| | A. Strojnik Is a Vexatious Litigant Who Should Be Required to Obtain Leave of Court Before Making Further Filings in this Case or Any New ADA Cases. | 6 |
| | 1. Strojnik has a history of filing vexatious, harassing, and duplicative suits and motions. | 8 |
| | 2. Strojnik's conduct suggests a bad faith motive. | 9 |
| | 3. Strojnik is currently proceeding pro se. | 10 |
| | 4. Strojnik's conduct have caused needless expense to Evans Hotels and placed an unwarranted burden on this Court. | 10 |
| | 5. Evans Hotels requests a sanction tailored to provide an adequate deterrent to Strojnik's vexatious conduct. | 11 |
| | B. Strojnik Should Have to Pay Evans Hotels' Attorneys' Fees Pursuant to 28 U.S.C. Section 1927. | 12 |
| V. | CONCLUSION | 13 |

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

- i -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR SANCTIONS
19-cv-0650-BAS-BGS

EXHIBIT 1
Page 000007

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Air Separation v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1994) .................................................................................................... 6

*Bernier v. Travelers Prop. Cas. Ins. Co.*, No. 17cv1028-MMA (BLM), 2017 U.S. Dist. LEXIS 196280, at *28 (S.D. Cal. Nov. 29, 2017) ................... 10

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ............................................ 6

*De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) .................. 6, 7, 11

*Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) ........................... 12

*Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) ............................................. 6

*Greenspan v. IAC/InterActiveCorp*, No. 14-cv-04187-RMW, 2016 U.S. Dist. LEXIS 137204, at *9 (N.D. Cal. Sep. 30, 2016) ............................... 11

*Haynes v. City & Cty. of S.F.*, 688 F.3d 984, 987 (9th Cir. 2012) .................... 12

*Henderson v. Hilberman*, No. CV07-7714 ODW, 2009 U.S. Dist. LEXIS 132985, at *22 (C.D. Cal. Feb. 11, 2009) ................................................ 10

*Kaighn v. United States*, No. 2:16-cv-02117-KJM-CKD, 2017 U.S. Dist. LEXIS 56233, at *10 (E.D. Cal. Apr. 11, 2017) ........................................ 7

*Microsoft Corp. v. Motorola, Inc.*, 696 F.3d at p. 886 ....................................... 9

*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007) .... 7, 9

*Molski v. Mandarin Touch Rest.*, 359 F. Supp. 2d 924, 925 (C.D. Cal. 2005) ............................................. 9, 12

*Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.)*, 78 F.3d 431, 435 (9th Cir. 1996) ........................................................................... 12

*Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ............................................................................................ 7

*Wages v. IRS*, 915 F.2d 1230, 1235-36 (9th Cir. 1990) .................................. 12

*Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999) ............... 6

- ii -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN
ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR SANCTIONS
19-cv-0650-BAS-BGS

EXHIBIT 1
Page 000008

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1  Defendant EVANS HOTELS, LLC ("Evans Hotels") submits the following
2  memorandum of points and authorities in support of its motion for an order declaring
3  Plaintiff Peter Strojnik, Sr. ("Strojnik") a vexatious litigant in Americans with
4  Disabilities Act ("ADA") cases and for sanctions pursuant to 28 U.S.C. § 1927.

## I. INTRODUCTION

In the words of the State of Arizona: Peter Strojnik engaged in "one of the largest… abuses of Arizona state and federal courts in their history." (*See*, Defendant's Request for Judicial Notice, filed concurrently ("RJN"), Exhibit "Ex. 1, p. 3.") The State of Arizona contended that Strojnik "pursued upwards of 160 cookie cutter lawsuits in federal court and, from early to later 2016, more than 1700 such suits in Arizona state court." (*Id.*) In 2017, the Attorney General's Office for the State of Arizona took the extraordinary action to intervene in a case for the purpose of having Strojnik declared a vexatious litigant. (RJN, Ex. 2.) The Arizona State Bar also took action against Peter Strojnik, noting in a State Bar Complaint: "[C]ourts have referred to [Strojnik's] actions in bringing the ADA… lawsuits as 'extortionate' and 'ethically suspect.'" (RJN, Ex. 3, ¶13.) Further, the Arizona State Bar opined that Strojnik's "actions in filing thousands of frivolous ADA lawsuits caused an enormous strain on the court system." (RJN, Ex. 3, ¶14.) Strojnik was ultimately disbarred by consent on May 10, 2019. (RJN, Exs. 4, 5.)

Strojnik has now turned to California, Texas, Hawaii, and New Mexico businesses as his newest targets. Strojnik, an Arizona resident, has filed approximately 60 federal lawsuits *pro se* since late 2018—around the time Arizona disbarment proceedings had begun. Like many other victims before, in 2018, after receiving an ADA litigation threat, Evans Hotels previously agreed to settle with him for nuisance value related to alleged ADA violations at the Bahia Hotel. As part of that settlement, Strojnik (and his agents) agreed to never patronize or visit any other Evans Hotels property without the prior written consent of Evans Hotels' General Counsel. Nonetheless, Strojnik (or his agent) visited the Lodge at Torrey

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

- 1 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN
ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR SANCTIONS
19-cv-0650-BAS-BGS

EXHIBIT 1
Page 000009

Pines and the Catamaran Resort, both Evans Hotels' properties, alleging ADA violations, including alleged third party website deficiencies, and with respect to the Lodge, filed suit.

Accordingly, Evans Hotels respectfully requests that this Court issue an order: (1) declaring Strojnik a vexatious litigant; (2) requiring him to obtain leave of court before making further filings in this case and properly identify himself as a non-lawyer; (3) requiring Strojnik obtain approval from this Court before filing any new suit under the ADA and/or relating to disability law compliance in this Court, and when seeking such approval from this Court, he shall provide a copy of the complaint to the potential defendant; and (4) requiring Strojnik to pay Evans Hotels' attorneys' fees for bringing this motion, not to exceed $4,000.00.

## II. STROJNIK'S MISCONDUCT IN ARIZONA ADA CASES LEADING TO HIS DISBARMENT FROM THE PRACTICE OF LAW

Based on a long history of litigation abuse, fraud and extortion, the Arizona State Bar took action against Strojnik to suspend him from the practice of law, based on the following and more:

- Strojnik made false claims for monetary damages. He "perpetuated a fraud on the Court by repeatedly certifying to the court false claims for monetary damages of at least $5,000." (RJN, Ex. 4, ¶38.)
- Strojnik filed lawsuits in matters on behalf of persons that had never personally visited any of the properties they sued. (*Id.* at ¶43.)
- Strojnik "knew he could extort funds from parking-lot defendants just by filing the lawsuit because they would be compelled to settle with him which would cost less than defending the lawsuit." (*Id.* at ¶44.)
- Strojnik was investigated for making a "number of misrepresentations in an effort to mislead the Court and evade sanctions" in Aid et al. Tarrian Properties, LLC, CV2016-090543. (*Id.* at ¶101.)

///

- 2 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR SANCTIONS
19-cv-0650-BAS-BGS

EXHIBIT 1
Page 000010

As noted by the State of Arizona, more than one court has made findings of misconduct:

- Referencing "Strojnik's unethical extortion of unreasonable attorney's fees...") *See, e.g., Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, 279 F. Supp 3d 891, 898 (D. Ariz. 2017); RJN, Ex. 6.

- Strojnik "misrepresented [plaintiffs'] intent to litigate [their] federal claim" and "misle[d] and manipulate[d] opposing counsel[.]" *AIDF v. Golden Rule Properties, LLC*, CV-16-02412, 2017 WL 2417046, at *2 (D. Ariz. Mar. 20, 2017) (Logan, J.) (imposing sanctions); RJN, Ex. 7.

The State of Arizona successfully intervened, consolidated and obtained dismissal of, *more than one thousand* state court actions filed by Strojnik against Arizona businesses in different plaintiffs' names. These findings led to Strojnik's disbarment from the practice of law on May 10, 2019. Ultimately, Strojnik consented to his disbarment. (RJN, Ex. 5.)

### III. STROJNIK'S UNETHICAL, ABUSIVE CONDUCT IN CALIFORNIA AND THIS LITIGATION

#### A. Despite An Agreement Not to Patronage Any Evans Hotels Property in October 2018, Strojnik Brings this Bad Faith Lawsuit

In or around August 15, 2018, Strojnik sent a letter to the Bahia Resort Hotel, another Evans Hotels property, demanding a settlement in connection with alleged ADA related claims. (Declaration of Julia De Beers, ["De Beers Decl.], ¶2-3, Ex. A.) Like many businesses facing those kinds of cases, Evans Hotels weighed the costs of defense as higher than payment of a settlement. (De Beers Decl., ¶4.) However, in an effort to thwart future frivolous lawsuits by Strojnik, Evans Hotels conditioned settlement upon a variety of factors, including Strojnik's explicit promise not to patronage or enter any of Evans Hotels' properties without the written consent of Evans Hotels' General Counsel. (De Beers Decl., ¶4, Ex. B.) Strojnik agreed but nonetheless knowingly sued Evans Hotels based on his

- 3 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN
ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR SANCTIONS
19-cv-0650-BAS-BGS

EXHIBIT 1
Page 000011

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

"intent" to visit the Lodge in the future, another Evans Hotels property. (FAC, ¶12.) Although Evans Hotels will later bring a motion for summary judgment, based on standing and lack of damages, Strojnik's future misconduct should not go without the court's intervention.

### B. Despite A Suspension, and then Disbarment From the Practice of Law, Strojnik Held Himself Out as an Attorney

In threatening to bring a legal action against Evans Hotels, Strojnik's emails to Evans Hotels' General Counsel, Ms. DeBeers were purportedly communications from his law firm: "Strojnik PC." (See, De Beers Decl. ¶5, Ex. C-F.).[1] Public records from the Arizona Secretary of State's business entity search show that, alarmingly, Strojnik PC continues to be an active Arizona "professional corporation" providing "Legal Services." (See, RJN, Ex. 8.)[2] However, Strojnik has been suspended from practice since July 11, 2018. (RJN, Ex. 3, p.1.) Nonetheless, Strojnik sent emails using the law firm name "Strojnik PC" various times in his pre-litigation communications and after this litigation was initiated. He also included a notice in his email communications that it could be considered "privileged." (See, DeBeers Decl., Ex. C-F.). Adding to the confusion for the California public is that there is another "Peter Kristopher Strojnik" who is actually a California attorney. (RJN, Ex. 9.)

---

[1] Given Strojnik's litigation history, there is an open question as to how many times this fraudulent, extortionate tactic worked with small business in California where no lawsuit actually was filed by Strojnik. In fact, Evans Hotels's General Counsel is aware of at least eight other demand letters sent to hotels and places of lodging by Strojnik that were settled without a lawsuit being filed. (See, De Beers Decl. ¶6.)

[2] District courts regularly grant judicial notice to print outs from an internet search for business entities on Secretary of State's websites. *See, e.g., Global BTG v. Nat'l Air Cargo, Inc.*, 2011 U.S. Dist. LEXIS 70386, at *1 - 2 (C.D.Cal. 2011); *Farina v. 700 Valencia St.*, 2015 U.S. Dist. LEXIS 109076, *12-13 (N.D.Cal. 2015) (granting judicial notice to Delaware and California State Secretary of State website information).

- 4 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR SANCTIONS
19-cv-0650-BAS-BGS

EXHIBIT 1
Page 000012

### C. Despite a Suspension and Disbarment From the Practice of Law, Strojnik PC Made Demands in Excess of Statutory Damages

The California Disabled Persons Act (DPA) and Unruh Act both allow for statutory damages and compensatory damages. The Unruh Act provides for statutory damages of $4,000 per offense (Civ. Code § 52(a)) and the DPA is $1,000 per offense (Civ. Code § 54.3(a)).[3] Recognizing the overlap between the Unruh Act and the DPA, the Legislature expressly foreclosed recovery under both acts. Cal. Civ. Code § 54.3(c). Nonetheless, Strojnik made an extortionate demand of $8,500 for settlement of this case against Evans Hotels. (De Beers Decl. ¶4.) he enclosed a draft Complaint with the demand letter in which he fails to identify himself as proceeding *pro se*. (De Beers Decl., Ex. A, p. 2.)

This overreaching conduct is exactly what led to his disbarment from the practice of law in Arizona.

### D. Strojnik Is Now Targeting California, Texas, Hawaii and New Mexico Businesses With Frivolous ADA Lawsuits.

Strojnik, an Arizona resident, has filed suit in at least 70 ADA federal cases outside of Arizona, including mostly hotels and other places of lodging.[4] From May 10, 2019 to May 17, 2019, he filed lawsuits against five hotels in the Southern, Central and Northern District Courts. **In the month of June 2019 alone**, he filed a total of 13 ADA lawsuits against places of lodging in Texas, Arizona and California. In fact, he has filed at least one lawsuit per month (or up to thirteen) since October 2018. Without the Court's intervention, Strojnik's filings will mirror the abuses that occurred in Arizona.

/ / /

/ / /

---

[3] Plaintiff's DPA and negligence claim were dismissed on July 8, 2019. (ECF #10.)
[4] RJN, Ex. 10; this list was last updated on July 10, 2019.

- 5 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN
ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR SANCTIONS
19-cv-0650-BAS-BGS

EXHIBIT 1
Page 000013

## IV. ARGUMENT

### A. Strojnik Is a Vexatious Litigant Who Should Be Required to Obtain Leave of Court Before Making Further Filings in this Case or Any New ADA Cases.

Stopped from engaging in further misconduct in Arizona, Strojnik has now set his sights on the Southern District of California, and surrounding district courts. This Motion presents strong facts for the Court to similarly take steps to protect this district. Indeed, Courts have the inherent power to sanction parties or their attorneys for improper conduct. This control is "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The imposition of sanctions under the court's inherent authority is discretionary, and is given deference by the Court of Appeals. *Air Separation v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1994). In order to sanction a litigant under the court's inherent powers, the court must make a specific finding of bad faith or conduct tantamount to bad faith. *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). Although mere recklessness is insufficient, "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose" is sufficient. *Id.* at pp. 993-94.

Pursuant to its inherent power, a court may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Specifically, the All Writs Act provides district courts with the inherent power to enter pre-filing orders, enjoining the vexatious litigant from filing further actions or papers unless he or she meets certain requirements such as obtaining leave of court. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). In order to do so, a district court must: (1) find the litigant was provided with adequate notice and an opportunity to be heard; (2) establish an adequate record for

- 6 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR SANCTIONS
19-cv-0650-BAS-BGS

EXHIBIT 1
Page 000014

review; (3) make substantive findings as to the frivolous or harassing nature of the plaintiff's litigation; and (4) limit the breadth of the order by narrowly tailoring "to closely fit the specific vice encountered." *De Long, supra*, at pp. 1147-48.

The Ninth Circuit has characterized the first two requirements as procedural considerations, and the last two as substantive. *Kaighn v. United States*, No. 2:16-cv-02117-KJM-CKD, 2017 U.S. Dist. LEXIS 56233, at *10 (E.D. Cal. Apr. 11, 2017), citing *De Long*, 912 F.2d at pp. 1147-48. The Ninth Circuit has also identified five factors courts should consider in determining the substantive question of whether a party's litigation qualifies as frivolous or harassing: (1) the litigant's history of litigation and whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, for example, whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to the parties or posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and the other parties. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007).

Here, all of the procedural *De Long* factors indicate that Strojnik should be deemed a vexatious litigant. First, this noticed motion provides Strojnik with notice and an adequate opportunity to be heard. See *Molski v. Evergreen*, 500 F.3d at p. 1058, citing *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (opportunity to be heard does not require oral hearing; opportunity to brief fully satisfies due process requirements). Second, as detailed above, this Court can establish an adequate record for review. *De Long*, 912 F.2d at p. 1147 (adequate record for review lists all cases and motions that led the court

///
///
///

- 7 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN
ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR SANCTIONS
19-cv-0650-BAS-BGS

EXHIBIT 1
Page 000015

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

to deem plaintiff vexatious litigant; must show litigant's activities were numerous or abusive). All of the substantive *De Long* factors are also satisfied.[5]

### 1. Strojnik has a history of filing vexatious, harassing, and duplicative suits and motions.

The evidence to support Strojnik's vexatious and harassing litigious history has previously been uncovered by both the Attorney General of the State of Arizona as well as the State Bar of Arizona. In the Arizona Attorney General's Motion to Intervene, the Office detailed the dire need for the State's intervention:

> This motion arises from the State's ongoing efforts to ameliorate the abuse of Arizona state and federal courts perpetrated by Plaintiff's counsel, Peter Strojnik. For example, the State successfully intervened, consolidated and obtained dismissal of, more than one thousand state court actions filed by Strojnik against Arizona businesses in different plaintiffs' names.

(RJN, Ex. 1, p. 3.)

Similarly, the State Bar of Arizona in seeking Strojnik's disbarment said: "[Strojnik's] actions in filing thousands of frivolous ADA lawsuits caused an enormous strain on the court system. (RJN, Ex. 3, ¶14.) "On March 27, 2017, the AG's office filed a Rule 11 motion in the state court parking-lot cases, alleging that Respondent perpetrated a fraud on the court in claiming millions of dollars in attorney's fees and monetary damages as part of a scheme to make money." (*Id.* at ¶16.) "Respondent used false statements and deceptions in the parking-lot cases to extort money from defendants by telling them it would be cheaper to settle with him for thousands of dollars than to spend many thousands more defending a lawsuit." (*Id.* at ¶17.)

///

///

---

[5] The Court could also consider requiring Strojnik to disclose the number of prelitigation demands and settlements he has secured on his own behalf and/or under the name and/or under the name Strojnik PC.

- 8 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN
ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR SANCTIONS
19-cv-0650-BAS-BGS

EXHIBIT 1
Page 000016

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

A court must look at both the number and content of the filings as indicia of frivolousness. *Molski v. Evergreen*, 500 F.3d 1047, 1059 (9th Circ. 2007). Here, Strojnik, as an attorney and an in *pro per* plaintiff, has initiated upwards of 70 ADA lawsuits, *after* being suspended from the practice of law for ADA filing abuses. At least one district court called out Strojnik's abusive tactics in a published ruling: "Template complaints filled with non-specific allegations have become the stock-in-trade of attorney […] Peter Strojnik..." *Advocates for Individuals With Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 893 (D. Ariz. 2017). It is understood that a court cannot issue a pre-filing order based merely on litigiousness. As an alternative, however, plaintiffs can be declared vexatious litigants even if some of their claims have merit, where their filings show a pattern of harassment. *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d at p. 886. Such is the case here.

Finally, any purported benevolent intent by Strojnik to seek only injunctive relief under the ADA is undermined by the fact that he could sue solely under the ADA. But he does not do that. Instead, he almost always raises additional state law claims under the CDPA, the Unruh Civil Rights Act, which allow for the recovery of money damages.

### 2. Strojnik's conduct suggests a bad faith motive.

Strojnik is not a California resident. (FAC, ¶3) From his former Arizona law firm "Strojnik PC", he continues to send correspondence even though he was suspended from the practice of law since mid-2018. Additionally, the barrage of litigation throughout California's federal courts suggests he has weaponized his internet searches under the guise of legitimate ADA lawsuits. Further, as noted above, Strojnik previously agreed not to patronize or enter any Evans Hotels properties, including the Lodge. Yet, he brings this lawsuit. Strojnik also used fraudulent and deceptive methods of holding himself out as a lawyer. See, *Molski v. Mandarin Touch Rest.*, 359 F. Supp. 2d 924, 925 (C.D. Cal. 2005) (the court

- 9 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN
ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR SANCTIONS
19-cv-0650-BAS-BGS

EXHIBIT 1
Page 000017

considered the pre-litigation settlement tactics of the Plaintiff). These facts establish Strojnik's bad faith motive in pursuing litigation against California businesses.

### 3. Strojnik is currently proceeding pro se.

After some investigation, it appears that Strojnik is proceeding *pro se*. "While it is true that courts are generally protective of pro se litigants [citation], flagrant abuse of the judicial process cannot, and will not, be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Henderson v. Hilberman*, No. CV07-7714 ODW, 2009 U.S. Dist. LEXIS 132985, at *22 (C.D. Cal. Feb. 11, 2009), italics omitted. Indeed, "pro se litigants are not immune from a vexatious litigation finding. *Bernier v. Travelers Prop. Cas. Ins. Co.*, No. 17cv1028-MMA (BLM), 2017 U.S. Dist. LEXIS 196280, at *28 (S.D. Cal. Nov. 29, 2017). Strojnik's boilerplate filings have been so numerous and harassing that this Court should not excuse his conduct based on his *pro se* status.

### 4. Strojnik's conduct have caused needless expense to Evans Hotels and placed an unwarranted burden on this Court.

First, Strojnik's entire career has essentially served to benefit himself with "shake-down" tactics at the expense of the Court. Further, in seeking attorney's fees in his demands and complaints, nor properly identifying himself as a non-attorney, he has sued various businesses. This is particularly offensive here, because Strojnik agreed to not to visit any Evans Hotels property, which would necessarily be a fatal defect to establishing standing or damages in connection with the operative complaint. In short, Strojnik's conduct throughout the history of this case has caused a substantial burden on Evans Hotels and has cost an enormous amount of unnecessary time and expense.

///
///

- 10 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR SANCTIONS
19-cv-0650-BAS-BGS

EXHIBIT 1
Page 000018

### 5. Evans Hotels requests a sanction tailored to provide an adequate deterrent to Strojnik's vexatious conduct.

Evans Hotels requests that this Court issue an order: (1) declaring Strojnik a vexatious litigant; (2) requiring him to obtain leave of court before making further filings in this case and properly identify himself as a non-lawyer; (3) requiring Strojnik obtain approval from this Court before filing any new suit under the ADA and/or relating to disability law compliance in this Court, and when seeking such approval from this Court, he shall provide a copy of the complaint to the potential defendant; and (4) requiring Strojnik to pay Evans Hotels' attorneys' fees for bringing this motion, not to exceed $4,000.00.

It is therefore narrowly tailored "to closely fit the specific vice encountered" – Strojnik's vexatious filings in district court. *De Long*, 912 F.2d at p. 1148; *see Greenspan v. IAC/InterActiveCorp*, No. 14-cv-04187-RMW, 2016 U.S. Dist. LEXIS 137204, at *9 (N.D. Cal. Sep. 30, 2016). Even with monetary sanctions Strojnik may continue to file voluminous lawsuits without any financial consequences. Finally, Evans Hotels requests any other sanctions or limitations that this Court finds necessary to deter Strojnik's vexatious conduct.

Adding to the need for the court's intervention is that there is another attorney with the same name who is a licensed California attorney. As such, as Strojnik "Sr." sends demand letters and other communications, business owners may not be aware that he is a disbarred lawyer. Therefore, the Court should fashion some protection that prevents Mr. Strojnik from engaging in conduct to fool businesses into paying rather than defending these frivolous lawsuits. Indeed, Strojnik capitalizes on this confusion since he makes no effort to clearly identify that he is not any attorney and demands amounts in excess of the statutory damages available plaintiffs proceeding on a solely *pro se* basis.

///

///

- 11 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR SANCTIONS
19-cv-0650-BAS-BGS

EXHIBIT 1
Page 000019

### B. Strojnik Should Have to Pay Evans Hotels' Attorneys' Fees Pursuant to 28 U.S.C. Section 1927.

Under 28 U.S.C. section 1927, a court may require a *pro se* litigant who "multiplies the proceedings in any case unreasonably and vexatiously... to satisfy personally the excess costs, expenses, and attorneys' fees unreasonably incurred because of such conduct." *Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.)*, 78 F.3d 431, 435 (9th Cir. 1996); *Wages v. IRS*, 915 F.2d 1230, 1235-36 (9th Cir. 1990) (courts may impose section 1927 sanctions against pro se litigants). An award under section 1927, requires a "finding of subjective bad faith," which is present when one "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Moore v. Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996) (quoting *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986). The purpose of section 1927 may be to deter misconduct and future litigation abuse, or to compensate the victims of malfeasance, or both to compensate and deter. *Haynes v. City & Cty. of S.F.*, 688 F.3d 984, 987 (9th Cir. 2012) (stating that the purpose of section 1927 sanctions is to both compensate the victim and deter plaintiff from future misconduct).

Here, Evans Hotels requests that the Court order Strojnik to pay the attorneys' fees incurred in bringing this motion to stop Strojnik's vexatious conduct outlined above. While Strojnik is acting as a *pro se* litigant, he was previously a licensed attorney and understands the impact of his conduct. While monetary sanctions may not be sufficient to deter Strojnik's bad faith conduct, and Evans Hotels also seeks an order requiring Strojnik to a pre-filing notice requirement that required him to file a motion for leave to file each subsequent ADA Title III Complaint. *Molski v. Mandarin Touch Rest.*, 347 F. Supp. 2d 860, 866-67 (C.D. Cal. 2004). As explained by the *Molski* court, the restriction on filing acts to shield the Court and defendants from vexatious litigation, and protects the "purpose and spirit of the ADA." (*Id.* at 868) Moreover, Evans Hotels should be compensated for having to file this motion

- 12 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN
ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR SANCTIONS
19-cv-0650-BAS-BGS

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

EXHIBIT 1
Page 000020

(though it has limited the request for monetary sanctions to the fees incurred to prepare this motion only).[6]

## V. CONCLUSION

The ability to profit off of the ADA and state disability laws is troubling on its own, but to have a disbarred out-of-state lawyer now turn his sights on California's businesses merits this Court's immediate action for the protection of Defendant and others. For good reason, district courts are afforded sweeping rights to protect the judicial process. For the reasons discussed above, Evans Hotels respectfully requests that this Court issue an order: (1) declaring Strojnik a vexatious litigant; (2) requiring him to obtain leave of court before making further filings in this case and properly identify himself as a non-lawyer; (3) requiring Strojnik obtain approval from this Court before filing any new suit under the ADA and/or relating to disability law compliance in this Court, and when seeking such approval from this Court, he shall provide a copy of the complaint to the potential defendant; and (4) requiring Strojnik to pay Evans Hotels' attorneys' fees for bringing this motion, not to exceed $4,000.00.

KLINEDINST PC

DATED: July 19, 2019    By: */s/ Nadia P. Bermudez*
　　　　　　　　　　　　　　Nadia P. Bermudez
　　　　　　　　　　　　　　Lindsey N. Casillas
　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　Evans Hotels, LLC, erroneously sued
　　　　　　　　　　　　　　as Evans Hotels, LLC dba The Lodge
　　　　　　　　　　　　　　at Torrey Pines

17617647v1

---

[6] In the State of Arizona's Motion to Intervene in *Gastelum v. Canyon Hospital*, Case. No 18-16032 (Docket 7-1, 06/22/2018), the Attorney General noted that no private defendant (of the over thousand that had been sued) at that time had ever raised the vexatious litigant due to the economics of investing time to litigate the case and motion to completion. (RJN, 1 p. 16).

- 13 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN
ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND FOR SANCTIONS
19-cv-0650-BAS-BGS

EXHIBIT 1
Page 000021

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101