Peter Strojnik (Sr.),
7847 N. Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

FILED
Oct 08 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ TrishaF   DEPUTY

NUNC PRO TUNC
Oct 7 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

PETER STROJNIK (SR.),

Plaintiff,

vs.

BRAEMAR PARTNERSHIP DBA CATAMARAN RESORT HOTEL AND SPA

Defendant.

Case No: 3:19-cv-01446-GPC-MSB

**PLAINTIFF'S OBJECTION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE (Doc 8-2)**

Under Federal Rule of Evidence 201(a), the Court may take judicial notice of "adjudicative facts". Rule 201(a) must be read in conjunction with Rule 402 which provides that "[i]rrelevant evidence is not admissible" and Rule 401 which defines relevant evidence as that which "has any tendency to make a fact more or less probable than it would be without the evidence".

201(b) further provides "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Documents in the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another case, but a court may not take judicial notice of findings of facts from another case. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial

notice of court filings and other matters of public record."). Nor may a court take judicial notice of any matter that is in dispute. *Lee*, 250 F.3d at 689-90; *see also Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (finding judicial notice inappropriate where the facts to be noticed were not relevant to the disposition of the issues before the court).

While the Court may take judicial notice of court filings, it cannot take judicial notice of the truth of any statements made in them. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, . . . including documents on file in federal or state courts." (internal citation omitted)). The Court does so solely for its existence and content, not the truth of any statements therein. *See Rieckborn v. Jefferies LLC*, 81 F.Supp.3d 902, 913 (N.D. Cal. 2015).

Exhibits 1 and 2 are inadmissible because they are both (1) irrelevant to the issues in Defendant's Motion to Dismiss, *Ruiz v. City of Santa Maria* supra and because (2) they contain matters in dispute. *Lee v. City of L.A.* supra.

RESPECTFULLY SUBMITTED this 4th day of October, 2019.

**PETER STROJNIK**

_____
Plaintiff

The original mailed to the District Court this 4th day of October 2019.

Copy e-mailed this 4th day of October 2019 to:
Nadia P. Bermudez, Bar No. 216555
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
nbermudez@klinedinstlaw.com
Counsel for Defendant
/s/

Peter Strojnik
7847 N. Central Avenue
Phoenix, Arizona 85020



PHOENIX AZ 852

04 OCT 2019 PM 11 L

Clerk of the Court
United States District Court
Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

92101-380620