**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER STROJNIK,<br>Plaintiff,<br>v.<br>BRAEMAR PARTNERSHIP DBA CATAMARAN RESORT HOTEL AND SPA,<br>Defendant. | Case No. 19-cv-01446-BAS-AHG<br>**ORDER:**<br>**(1) DENYING DEFENDANT'S MOTION TO STRIKE PUNITIVE DAMAGES;**<br>**AND**<br>**(2) GRANTING DEFENDANT'S MOTION TO DISMISS COUNT FOUR**<br>**[ECF No. 27]** |

Defendant previously filed a Motion to Strike damages and to Dismiss the negligence cause of action in Plaintiff's First Amended Complaint ("FAC"). (ECF No. 8.) In an oral ruling, the Court denied the motion to strike damages, granted the motion to dismiss the negligence cause of action, but allowed Plaintiff leave to amend. (ECF Nos. 24, 26.) Undeterred, Plaintiff filed the same allegations now labeled the Second Amended Complaint ("SAC") (ECF No. 25), and Defendant filed the same motions asking to strike the punitive damages and to dismiss the negligence cause of action. (ECF No. 27.)

Hoping that perhaps a written ruling might have more force with the parties, the Court once again **DENIES** the Motion to Strike Punitive Damages and **GRANTS** the Motion to Dismiss the Fourth Cause of Action for negligence ("Count Four"). Because

any amendment would be futile, the Court dismisses the fourth cause of action with prejudice.

## I. PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, "has filed thousands of disability discrimination lawsuits against hotel defendants in state and federal courts." *Strojnik v. Bakersfield Convention Hotel I, LLC*, __ F. Supp. 3d___, 2020 WL 509156, at *1 (E.D. Cal. Jan. 31, 2020). This is one of those lawsuits. In the FAC, Plaintiff alleged causes of action for violations of the Americans with Disabilities Act ("ADA"), the Unruh Civil Rights Act, the California Disabled Persons Act ("DPA") and negligence.

With respect to the negligence cause of action, Plaintiff simply alleged "Defendants owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation." (FAC ¶ 37.) The Court agreed with Defendant that Plaintiff had failed to allege sufficient facts supporting the negligence cause of action, but granted Plaintiff leave to amend. (ECF Nos. 24, 26.) Defendant also moved to strike the punitive damages allegations, but the Court denied this motion, citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010).

Plaintiff then filed the SAC with very little change. The SAC alleges that "Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation." (SAC ¶ 37.) Although Plaintiff claims the SAC has been "beefed up to conform to the *Iqbal* plausibility standard and California's law on negligence per se" (Opp'n at 1, ECF No. 29), the Court was unable to locate any substantive differences between the two complaints with respect to the allegation that Defendant owed a duty to Plaintiff.[1]

[1] Admittedly the Court is somewhat hampered by Plaintiff's failure to follow Civil Local Rule 15.1(c) requiring any amended pleading, filed after the granting of a motion to dismiss with leave to amend, to "be accompanied by a version of that pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how that pleading differs from the previously dismissed pleading."

Similarly, the Court is at a loss to understand what has changed since it last denied Defendant's motion to strike punitive damages.

## II. STATEMENT OF FACTS

For the purposes of a Motion to Dismiss, the Court assumes all allegations in the Complaint are true. *See Cahill v. Liberty Mutual Ins. Co*., 80 F.3d 336, 337–38 (9th Cir. 1996). Plaintiff alleges he is disabled as defined by the ADA, the Unruh Act and DPA (SAC ¶2.) He claims disability "by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, degenerative right knee" and "walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation." (SAC ¶¶ 3–4.)

Plaintiff claims he visited Defendant's hotel in May 2019 and encountered barriers to accessibility which prevented him from equal access to Defendant's public accommodation. (SAC ¶¶ 16–23.)

## III. ANALYSIS

### A. Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Plaintiff bases his negligence claim solely on Defendant's alleged violation of the ADA. As other courts have previously instructed Plaintiff, Congress did not enact the ADA to create "a separate duty of care to give rise to an independent negligence claim under state laws." *Strojnik v. Bakersfield Convention Hotel 1, LLC*, 2020 WL 509156, at *8; *see also Strojnik v. Landry's, Inc.*, No. 4:19-cv-1170, 2019 WL 7461681, at *6 (S.D. Tex. Dec. 9, 2019) (holding that Strojnik failed to allege his negligence claim because the "allegations do not support the existence of a duty outside that imposed by the ADA"); *White v. NCL America, Inc.*, No. 05-22030-CIV, 2006 WL 1042548, at *5 (S. D. Fla. 2006) ("Because the ADA was not designed to protect those with disabilities from personal injuries, Plaintiff is unable to state a claim for per se negligence.")

Therefore, the Court **GRANTS** Defendant's Motion to Dismiss Count Four. And because this Court concludes any amendment would be futile, the Court dismisses the Count with prejudice. *See Bonin v. Calderone*, 59 F.3d 815, 845 (9th Cir. 1995) (in determining whether to allow amendment, the court considers "futility of amendment and whether the party has previously amended his pleadings"); *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980) ("[A] district court has broad discretion to grant or deny leave to amend, particularly where the court has already given plaintiff one or more opportunities to amend his complaint.").

### B. Motion to Strike

Under Rule 12(f), a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro., Rule 12(f). Defendant once again moves to strike Plaintiff's punitive damages allegations pursuant to Rule 12(f) arguing that punitive damages are precluded as a matter of law and Plaintiff's allegations are insufficient to rise to the level of punitive damages. The Court once again points out that, under *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010), the Federal Rules of Civil Procedure do not authorize striking a damages claim on the ground that the claim is precluded as a matter of law.

Furthermore, unlike the California standard cited by Defendant, "[u]nder the Federal Rules of Civil Procedure 9(b), 'malice, intent, knowledge and other conditions of the mind may be alleged generally.'" *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 273 (N.D. Cal. 2015). California Civil Code section 3294 "is a state procedural rule not implicated in federal court." *Id.* "Accordingly, in federal court, a plaintiff may include a short and plain prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent." *Id.* (quotation omitted). Hence, this Court once again **DENIES** Defendants' motion to strike punitive damages.

## IV. CONCLUSION AND ORDER

For the reasons stated above, this Court **GRANTS** Defendants' Motion to Dismiss Count Four of the SAC. (ECF No. 27.) This negligence cause of action is dismissed with prejudice. However, the Court **DENIES** Defendant's motion to strike any punitive damages allegations. (ECF No. 27.) Defendant is ordered to file an Answer to the SAC by **<u>June 23, 2020</u>**.

**IT IS SO ORDERED.**

**DATED: June 16, 2020**

Cynthia Bashant

**Hon. Cynthia Bashant**
**United States District Judge**