Nadia P. Bermudez, Bar No. 216555
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
nbermudez@klinedinstlaw.com

Lindsey N. Casillas, Bar No. 269688
KLINEDINST PC
801 K Street, Suite 2100
Sacramento, California 95814
(916) 444-7573/FAX (916) 444-7544
lcasillas@klinedinstlaw.com

Attorneys for Defendant, EVANS HOTELS, LLC (*erroneously sued as BRAEMAR PARTNERSHIP dba CATAMARAN RESORT HOTEL AND SPA*)

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK (SR.),<br><br>      Plaintiff,<br><br>v.<br><br>BRAEMAR PARTNERSHIP DBA CATAMARAN RESORT HOTEL AND SPA,<br><br>      Defendant. | Case No. 3:19-cv-01446-BAS-AHG<br><br>**ANSWER OF DEFENDANT BRAEMAR PARTNERSHIP dba CATAMARAN RESORT HOTEL AND SPAS TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM FOR:**<br><br>**1. BREACH OF CONTRACT (Count 1);**<br><br>**2. BREACH OF CONTRACT (Count 2)**<br><br>Courtroom:        4B<br>Judge:           Hon. Cynthia Bashant<br>Magistrate Judge: Hon. Allison H. Goddard<br>Trial Date:      None set<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

## ANSWER

Defendant EVANS HOTELS, LLC (erroneously sued as BRAEMAR PARTNERSHIP dba CATAMARAN RESORT HOTEL AND SPA) ("Defendant") submits this Answer to the Second Amended Complaint ("SAC") filed by Plaintiff Peter Strojnik, as follows:

## INTRODUCTION

1. In answering paragraph 1 of the SAC, Defendant is without knowledge as to the truth of the factual allegations contained in this paragraph and, therefore, denies the same. Defendant, however, does not deny any accurate recitation of the law.

## PARTIES

2. In answering paragraph 2 of the SAC, Defendant is without knowledge as to the truth of Plaintiff's allegations and representations pertaining to himself, and, therefore, denies the same.

3. In answering paragraph 3 of the SAC, Defendant is without knowledge as to the truth of Plaintiff's allegations and representations pertaining to himself, and, therefore, denies the same.

4. In answering paragraph 4 of the SAC, Defendant is without knowledge as to the truth of Plaintiff's allegations and representations pertaining to himself, and, therefore, denies the same.

5. In answering paragraph 5 of the SAC, Defendant only admits that Braemar Partnership operates the Catamaran Resort Hotel and Spa which is located 3999 Mission Boulevard, San Diego, California 92109, and denies all legal conclusions contained in the paragraph, but does not deny any accurate recitation of the law.

/ / /

/ / /

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

## JURISDICTION

6.    In answering paragraph 6 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant admits that subject matter jurisdiction appears proper and denies all other factual allegations that are not specifically admitted.

7.    In answering paragraph 7 of the SAC, the paragraph contains only legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

8.    In answering paragraph 8 of the SAC, the paragraph contains only legal arguments or conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

9.    In answering paragraph 9 of the SAC, the paragraph contains only legal arguments or conclusions to which no answer is required.  To the extent an answer is required, Defendant admits that venue appears proper and denies all other factual allegations that are not specifically admitted.

10.    In answering paragraph 10 of the SAC, the paragraph contains only legal arguments or conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

11.    In answering paragraph 11 of the SAC, the paragraph contains only legal arguments or conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

12.    In answering paragraph 12 of the SAC, the paragraph contains only legal arguments conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein, but does not deny any accurate recitation of the law.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

# COUNT ONE

## Violation of Plaintiff's Civil Rights under the ADA

13.    In answering paragraph 13 of the SAC, which re-alleges and incorporates by reference the allegations set forth in SAC paragraphs 1-12, Defendant incorporates by reference each of its answers made to the corresponding SAC paragraphs.

14.    In answering paragraph 14 of the SAC, Defendant is without knowledge as to the truth of the allegations contained in this paragraph and, therefore, denies the same.

15.    In answering paragraph 15 of the SAC, Defendant is without knowledge as to the truth of the allegations contained in this paragraph and, therefore, denies the same.

16.    In answering paragraph 16 of the SAC, Defendant is without knowledge as to the truth of the allegations contained in this paragraph and, therefore, denies the same.

17.    In answering paragraph 17 of the SAC, Defendant admits only that various third party booking websites describe the Catamaran and list its availability and accessibility features.  Without additional information about which third party website(s) Plaintiff allegedly visited—which is not specifically alleged in the SAC and cannot be determined from the unauthenticated Addendum A thereto—Defendant is without knowledge as to the truth of the allegations contained in this paragraph and, therefore, denies the same.

18.    In answering paragraph 18 of the SAC, Defendant is without knowledge as to the truth of the allegations contained in this paragraph and, therefore, denies the same.

19.    In answering paragraph 19 of the SAC, Defendant is without knowledge as to the truth of the allegations contained in this paragraph and, therefore, denies the same.

1  20.  In answering paragraph 20 of the SAC, Defendant is without
2  knowledge as to the truth of the allegations contained in this paragraph and,
3  therefore, denies the same.

4  21.  In answering paragraph 21 of the SAC, the paragraph contains only
5  legal arguments or conclusions to which no answer is required.  To the extent an
6  answer is required, Defendant denies the factual allegations contained therein.

7  22.  In answering paragraph 22 of the SAC, the paragraph contains only
8  legal arguments or conclusions to which no answer is required.  To the extent an
9  answer is required, Defendant denies the factual allegations contained therein.

10  23.  In answering paragraph 23 of the SAC, Defendant is without
11  knowledge as to the truth of the allegations contained in this paragraph and,
12  therefore, denies the same.

## COUNT TWO

### Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52

15  24.  In answering paragraph 24 of the SAC, which re-alleges and
16  incorporates by reference the allegations set forth in SAC paragraphs 1-23,
17  Defendant incorporates by reference each of its answers made to the corresponding
18  SAC paragraphs.

19  25.  In answering paragraph 25 of the SAC, the paragraph contains only
20  legal arguments or conclusions to which no answer is required.  To the extent an
21  answer is required, Defendant denies the factual allegations contained therein.

22  26.  In answering paragraph 26 of the SAC, the paragraph contains only
23  legal arguments or conclusions to which no answer is required.

24  27.  In answering paragraph 27 of the SAC, the paragraph contains only
25  legal arguments or conclusions to which no answer is required.  To the extent an
26  answer is required, Defendant denies the factual allegations contained therein.

27  / / /

28  / / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Case No. 3:19-cv-01446-BAS-AHG
ANSWER OF DEFENDANT BRAEMAR PARTNERSHIP dba CATAMARAN RESORT HOTEL AND SPAS TO
PLAINTIFF'S SECOND AMENDED COMPLAINT

28.    In answering paragraph 28 of the SAC, the paragraph contains only legal arguments or conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

29.    In answering paragraph 29 of the SAC, the paragraph contains only legal arguments or conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the factual allegations contained therein.

## COUNT THREE

## Violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3

30.    On July 8, 2019, the Court granted Defendant's Motion to Dismiss Plaintiff's third cause of action for violation of the Disabled Person's Act. (ECF #10.)  As such, no response to the allegations contained in this paragraph is required.

31.    See Defendant's Response to Paragraph 30.

32.    See Defendant's Response to Paragraph 30.

33.    See Defendant's Response to Paragraph 30.

34.    See Defendant's Response to Paragraph 30.

35.    See Defendant's Response to Paragraph 30.

## COUNT FOUR

## Negligence

36.    On July 16, 2020, the Court granted Defendant's Motion to Dismiss Plaintiff's fourth cause of action for negligence. (ECF #31.)  As such, no response to the allegations contained in this paragraph is required.

37.    See Defendant's Response to Paragraph 36.

38.    See Defendant's Response to Paragraph 36.

39.    See Defendant's Response to Paragraph 36.

40.    See Defendant's Response to Paragraph 36.

41.    See Defendant's Response to Paragraph 36.

42.    See Defendant's Response to Paragraph 36.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

43.     See Defendant's Response to Paragraph 36.

44.     See Defendant's Response to Paragraph 36.

45.     See Defendant's Response to Paragraph 36.

46.     See Defendant's Response to Paragraph 36.

### PLAINTIFF'S PRAYERS FOR RELIEF

Defendant denies Plaintiff is entitled to any of the relief sought in the Prayer for Relief.

### AFFIRMATIVE DEFENSES

Wherefore, having answered the Plaintiff's Second Amended Complaint, Defendant alleges the following as separate affirmative defenses without assuming the burden of proof, where such burden is otherwise on the Plaintiff under applicable procedural law. Defendant reserves the right to add additional affirmative defenses should it become aware of such during the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

1.      As a first and separate affirmative defense, Braemar Partnership alleges that the Second Amended Complaint is barred by the statute of limitations set forth in California Code of Civil Procedure section 335.1 or 28 U.S.C. § 1658.

### SECOND AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

2.      As a second and separate affirmative defense, Plaintiff's claims are barred by the doctrine of res judicata/collateral estoppel as Plaintiff has collectively filed over nearly 2000 disability access suits throughout the District Courts of California and District Court of Arizona.

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

3.      As a third and separate affirmative defense, Plaintiff lacks standing to pursue any claim against Braemar Partnership under the Americans with Disabilities

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Act. Plaintiff is not a customer of or visitor of Braemar Partnership or its websites, has not accessed any Braemar Partnership' content, and has not, and cannot have, experienced -- and has no "actual notice" of -- any discrimination or damages resulting from Braemar Partnership' conduct.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Constitutional Standing)

4.    As a fourth and separate affirmative defense, Braemar Partnership alleges that Plaintiff is not a real party in interest and therefore has no constitutional standing to sue. Plaintiff is not a guest or customer of Braemar Partnership, has not attempted to subscribe to any service and therefore has not, and cannot have suffered a concrete and particularized injury-in-Complaint resulting from Braemar Partnership' conduct.

## FIFTH AFFIRMATIVE DEFENSE
### (Nondiscriminatory Legitimate Business Reasons)

5.    As a fifth and separate affirmative defense, Plaintiff may not pursue a claim under the Americans with Disabilities Act against Braemar Partnership because Braemar Partnership provides content consistent with nondiscriminatory legitimate business reasons. Braemar Partnership makes its Internet-based content available to all subscribers on the same basis and does not treat any subscribers differently on the basis of his disability.

## SIXTH AFFIRMATIVE DEFENSE
### (Primary Jurisdiction)

6.    As a sixth and separate affirmative defense, Plaintiff's claims are presently precluded by the doctrine of primary jurisdiction. The U.S. Department of Justice (DOJ) has announced that it will promulgate pertinent and relevant standards under Title III of the ADA. That rulemaking lies at the heart of the task assigned to the agency by Congress, will require agency expertise to unravel intricate, technical facts, and would materially aid the Court. Because the merits of Plaintiff's claims

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

will be greatly affected by what DOJ promulgates, his claims cannot be heard until DOJ's rulemaking is complete.

### SEVENTH AFFIRMATIVE DEFENSE

### (Fundamental Alteration of Activities)

7.    As a seventh and separate affirmative defense, Plaintiff may not pursue a claim under the Americans with Disabilities Act against Braemar Partnership because the relief requested requires a fundamental alteration of Braemar Partnership' activities.  Requiring Braemar Partnership to immediately restructure its business would require Braemar Partnership to achieve the impossible given current technology, or significantly reduce the amount and quality of available content.

### EIGHTH AFFIRMATIVE DEFENSE

### (Undue Burden or Hardship - Cost)

8.    As an eighth and separate affirmative defense, Plaintiff may not pursue a claim under the Americans with Disabilities Act against Braemar Partnership because the relief requested would impose undue economic burden or hardship on Braemar Partnership.

### NINTH AFFIRMATIVE DEFENSE

### (Undue Burden or Hardship - Compliance with Conflicting Laws and Regulations)

9.    As a ninth and separate affirmative defense, Plaintiff may not pursue a claim under the Americans with Disabilities Act against Braemar Partnership because the relief requested would impose undue burden or hardship on Braemar Partnership by having to comply with conflicting requirements. 28 C.F.R. § 36.303 expressly provides that a public accommodation is not required to take certain steps if defendants can demonstrate that taking such steps "would result in an undue burden, *i.e., significant difficulty or expense*." (Emphasis added). Plaintiff's demand that the Court order Braemar Partnership to restructure its business regardless of

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1 | federal regulations or statutory guidelines imposes on Braemar Partnership the
2 | undue burden of having to comply with both federal regulations and Plaintiff's
3 | conflicting demands.

**TENTH AFFIRMATIVE DEFENSE**

**(Impracticability)**

6 | 10.    As a tenth and separate affirmative defense, Plaintiff may not pursue a
7 | claim under the Americans with Disabilities Act against Braemar Partnership
8 | because the relief requested is impracticable.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Alternative Means)**

11 | 11.    As an eleventh and separate affirmative defense, Plaintiff may not
12 | pursue an injunction under the Americans with Disabilities Act requiring a specific
13 | design or alteration where Braemar Partnership has an alternative design or service,
14 | which provides substantially equivalent accessibility.  Defendant further alleges that
15 | there are accessible alternatives that are available in relation to the complained of
16 | conduct.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Mootness)**

19 | 12.    As a twelfth and separate affirmative defense, the Second Amended
20 | Complaint and each cause of action alleged in the Second Amended Complaint is
21 | barred by the doctrine of mootness to the extent that the denial of equal access to
22 | Defendant's services alleged in the Complaint, if any, have been or will have been
23 | remediated before the time that this action is finally adjudicated.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Equivalent Facilitation, Equivalent Service)**

26 | 13.    As a thirteenth and separate affirmative defense, the Second Amended
27 | Complaint and each cause of action alleged in the Second Amended Complaint are
28 | barred to the extent that, with respect to any particular element of Defendant's

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

services that departs from applicable standards, Defendant has provided "equivalent facilitation" or "equivalent service" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of Defendant's services.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (*De Minimis* Violation)

14.    As a fourteenth and separate affirmative defense, the Second Amended Complaint and each cause of action alleged in the Second Amended Complaint is barred because the claimed violations are *de minimis* and non-actionable because they do not materially impair Plaintiff's use of Defendant's services or access to its products.  Defendant's reservations services already comply with the ADA and the websites has been updated to provide even more information.  Additionally, Plaintiff cannot articulate what alleged barriers were encountered or why they were unable to use any of the accessible services offered by Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Denial of Access)

15.    As a fifteenth and separate affirmative defense, the Second Amended Complaint and each cause of action alleged in the Second Amended Complaint are barred because Defendant did not deny or interfere with Plaintiff's access to the goods and/or services provided by Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

16.    As a sixteenth and separate affirmative defense, to the extent Plaintiff experienced any damages as a proximate result of Defendant's alleged actions or omissions, which Defendant denies, Plaintiff has failed to mitigate or to reasonably attempt to mitigate his damages. Plaintiff has failed to utilize the accessibility services provided by Defendant.

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Excuse, Exemption, Justification)

17.     As a seventeenth and separate affirmative defense, the Second Amended Complaint and all purported claims for relief alleged in the Second Amended Complaint are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes or regulations under which Plaintiff has sued. Defendant has legitimate business justifications for managing its ADA reservations in the manner it does.  Moreover, the relief requested would impose undue burden or hardship on Braemar Partnership to restructure its business.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Third Party)

18.     As an eighteenth and separate affirmative defense, the Second Amended Complaint and all purported claims for relief alleged in the Second Amended Complaint are barred in whole or in part because Plaintiff's injury or injuries, if any, was/were caused by third parties acting outside the scope of agency, employment or control of Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

19.     As a nineteenth and separate affirmative defense, the Second Amended Complaint, and all purported claims for relief alleged in the Second Amended Complaint are barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions. Defendant is informed and believes on that basis alleges, Plaintiff has no intention to make a reservation at Defendant's hotels in the first place or a genuine intent to return in the future so as to make this lawsuit viable. Plaintiff also cannot articulate what alleged barriers he encountered related to his disabilities or offer any evidence of encountered barriers in the booking process.

/ / /

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

## TWENTIETH AFFIRMATIVE DEFENSE

### (Good Faith)

20.    As a twentieth and separate affirmative defense, at all times relevant to this suit, Defendant's actions were taken in good faith and it had reasonable grounds for believing those actions did not violate of any law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Substantial Compliance)

21.    As a twenty-first and separate affirmative defense, Defendant's website substantially complies with the ADA and state law, and his supporting regulations as currently in force.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault)

22.    As a twenty-second and separate affirmative defense, Plaintiff did not exercise ordinary care, caution and prudence in connection with the events alleged in the Second Amended Complaint and Plaintiff is therefore barred from recovery against Defendant, or alternatively, Plaintiff should have his recovery, if any, proportionately reduced. Plaintiff cannot articulate what alleged barriers they encountered related to his disabilities or offer any evidence of encountered barriers in the booking process.  Moreover, Plaintiff failed to utilize the accessible services Defendant made available.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Request for Modification or Auxiliary Aid or Service)

23.    As a twenty-third and separate affirmative defense, Plaintiff's claims are barred because Plaintiff failed to request a reasonable modification of policies, practices or procedures and/or Plaintiff failed to request an auxiliary aid or service.

/ / /

/ / /

/ / /

Case No. 3:19-cv-01446-BAS-AHG

ANSWER OF DEFENDANT BRAEMAR PARTNERSHIP dba CATAMARAN RESORT HOTEL AND SPAS TO PLAINTIFF'S SECOND AMENDED COMPLAINT

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Indispensable Party)

24.    As a twenty-fourth and separate affirmative defense, Plaintiff's claims are barred because Plaintiff has failed to name an indispensable party that operates and controls the circumstances that are alleged in the Second Amended Complaint, without which the injunctive relief cannot be had.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Preemption)

25.    As a twenty-fifth and separate affirmative defense, Federal law preempts some or all of Plaintiff's claims asserted under State law.

WHEREFORE, this answering Defendant prays that:

1.    Plaintiff take nothing by way of his Second Amended Complaint;

2.    Judgment be entered in favor of this answering Defendant and against Plaintiff upon the issues of the Second Amended Complaint;

3.    Defendant be awarded attorneys' fees and costs of suit herein incurred; and

4.    Such other and further relief as the Court deems just.

### JURY TRIAL DEMANDED

Defendant hereby demands Trial by Jury to the fullest extent allowed by law.

### COUNTERCLAIM

COMES NOW Defendant and Counterclaimant EVANS HOTELS, LLC (erroneously sued as BRAEMAR PARTNERSHIP dba CATAMARAN RESORT HOTEL AND SPA) ("Counterclaimant" or "Evans Hotels") and for a cause of action against Counter-Defendant PETER STROJNIK ("Strojnik"), an individual, complains and alleges as follows:

/ / /

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

## COUNTERCLAIM

Counterclaimant brings this Counterclaim against Counter-Defendant Strojnik for breach of contract regarding a Settlement Agreement and breach of contract regarding a Consulting Agreement and alleges the following based on its own records, and information and belief:

## JURISDICTION

1.     This Counterclaim falls within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

## PARTIES

2.     Counterclaimant EVANS HOTELS, LLC is, and at all times mentioned herein was, a limited liability corporation organized and existing under the laws of the State of California.

3.     Counterclaimant is informed and believes and thereon alleges that Counter-Defendant PETER STROJNIK is an individual and resident of Maricopa County, Arizona.

## FACTUAL SUMMARY

4.     Evans Hotels operates the Bahia Resort Hotel ("Bahia"), the Catamaran Resort and Spa ("Catamaran"), and The Lodge at Torrey Pines ("The Lodge"), which are all located in San Diego County.

5.     On or about August 10, 2018, Strojnik reserved an accessible room and stayed overnight at the Bahia.

6.     On or about August 15, 2018, Strojnik sent a letter to Evans Hotels threatening to bring claims against it related to alleged violations of the Americans with Disabilities Act at the Bahia.

/ / /

/ / /

/ / /

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Case No. 3:19-cv-01446-BAS-AHG

ANSWER OF DEFENDANT BRAEMAR PARTNERSHIP dba CATAMARAN RESORT HOTEL AND SPAS TO PLAINTIFF'S SECOND AMENDED COMPLAINT

7.    Strojnik's emails to Evans Hotels closed with the following information:

> Peter Strojnik
> STROJNIK, P.C.
> 2375 East Camelback Road Suite 600
> Phoenix, Arizona 85016
> Telephone: 602-524-6602
> e-mail: ps@strojnik.com
> Twitter: @strojnikpeter

8.    At the time Strojnik first communicated to Evans Hotels, he had been suspended from the practice of law in Arizona.

9.    As of May 16, 2019, Strojnik was disbarred from the practice of law in Arizona. Strojnik is not authorized to practice law in any jurisdiction.

10.    Strojnik P.C. is a "domestic professional corporation" currently in good standing with the State of Arizona, whose business type is identified with the State of Arizona as: "Legal Services."

### (The Settlement Agreement)

11.    To resolve Strojnik's threatened claims regarding the Bahia, Strojnik and Evans Hotels entered into a Settlement Agreement on October 10, 2018. The Settlement Agreement states, in part, "Strojnik and any agent, representative, or person acting on Strojnik's behalf agrees not to visit, patronize, appear on, call, or otherwise come onto the property of Evans Hotels or any of its corporate affiliates (including The Lodge at Torrey Pines, the Bahia Resort Hotel, and the Catamaran Resort Hotel) for any purpose without the prior written consent of Evans, confirmed in writing by Evans' General Counsel."

12.    The Settlement Agreement also states: "In the event of any litigation concerning this Agreement, the prevailing party shall be entitled to, in addition to any other relief that may be granted, reasonable attorneys' fees and costs."

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Case No. 3:19-cv-01446-BAS-AHG

ANSWER OF DEFENDANT BRAEMAR PARTNERSHIP dba CATAMARAN RESORT HOTEL AND SPAS TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**(The Consulting Agreement)**

13.    On the same date the Settlement Agreement was executed, Strojnik and Strojnik, P.C. entered into a Consulting Agreement with Evans Hotels.

14.    As part of the Consulting Agreement, Strojnik and Strojnik, P.C. agreed to "provide the type of accessibility information that a mobility disadvantaged guest may wish to review on a booking website or from an in house booking agent."  Strojnik and Strojnik, P.C. also agreed to "consult[] with [Evans Hotels' General Counsel] Ms. De Beers regarding [ADA compliance]."

15.    In signing the Consulting Agreement, Strojnik and Strojnik, P.C. acknowledged that they would "receive access to confidential information in connection with this representation" and that Strojnik and Strojnik, P.C. would "not disclose to anyone without the Evans Entities' written permission, the nature or content of any oral or written communication, nor any information gained from the inspection of any record(s) or document(s) submitted to Strojnik . . . ."

16.    After the Consulting Agreement was signed, Strojnik received from Evans Hotels, as an engagement fee, a check in the amount of $3,000 payable to "Peter Strojnik and STROJNIK, P.C."

17.    Thereafter, Strojnik and/or Strojnik, P.C. failed to perform the services required under the Consulting Agreement, including failure to consult with Evans Hotels' General Counsel regarding ADA compliance.  In stark contrast to performing the obligations under the Consulting Agreement, as detailed below, Strojnik threatened litigation against other Evans Hotels properties, and filed the instant action.

**(Strojnik Visits The Lodge and The Catamaran)**

18.    On or about December 21, 2018, Strojnik sent a letter to the General Manager of The Lodge, which stated, in part:  "I intended to visit your Hotel on December 8, 2018.  During my booking procedure I noted that the Hotel does not provide equal access as required by 28 CFR §36.302(e), and during my stay there I

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

ANSWER OF DEFENDANT BRAEMAR PARTNERSHIP dba CATAMARAN RESORT HOTEL AND SPAS TO PLAINTIFF'S SECOND AMENDED COMPLAINT

noted that it does not comply with the 2010 Standards of Accessibility Design or California's Unruh and DPA." (Emphasis added.)

19.    Upon information and belief, after had Strojnik signed the Settlement Agreement, Strojnik or his agent utilized The Lodge website to book a room for Strojnik at The Lodge.

20.    Alternatively, after Strojnik had signed the Settlement Agreement, Strojnik or his agent utilized a third party website to book a room for Strojnik at The Lodge.

21.    Upon information and belief, after Strojnik had signed the Settlement Agreement, Strojnik physically visited The Lodge.

22.    Alternatively, after Strojnik had signed the Settlement Agreement, Strojnik's agent physically visited The Lodge.

23.    Strojnik never requested or received written consent from Evans Hotels' General Counsel to visit The Lodge.

24.    On or about May 31, 2019, Strojnik sent a letter to the Hotel Manager of the Catamaran, which stated, in part: "I visited your hotel in the May 20-22, 2019 time frame but noted that it does not provide equal access as required by the ADA, Unruh and DPA. The hotel's non-compliance with the ADA deter [sic] me from booking a room there." (Emphasis added.)

25.    Upon information and belief, after Strojnik had signed the Settlement Agreement, Strojnik or his agent utilized the Catamaran website to book a room for Strojnik at the Catamaran.

26.    Alternatively, after Strojnik had signed the Settlement Agreement, Strojnik or his agent utilized a third party website to book a room for Strojnik at the Catamaran.

27.    Upon information and belief, after Strojnik had signed the Settlement Agreement, Strojnik physically visited the Catamaran.

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

ANSWER OF DEFENDANT BRAEMAR PARTNERSHIP dba CATAMARAN RESORT HOTEL AND SPAS TO PLAINTIFF'S SECOND AMENDED COMPLAINT

28.    Alternatively, after Strojnik had signed the Settlement Agreement, Strojnik's agent physically visited the Catamaran.

29.    Strojnik never requested or received the written consent from Evans Hotels' General Counsel to visit the Catamaran.

## FIRST CAUSE OF ACTION

### (Breach of Contract [Settlement Agreement])

### (Against Strojnik)

30.    Evans Hotels incorporates by reference as though set forth herein each and every allegation set forth in paragraphs 1 through 30.

31.    Evans Hotels and Strojnik entered into a Settlement Agreement on October 10, 2018.

32.    Strojnik breached the Settlement Agreement by violating the non-patronage clause when he (or his agent) physically visited The Lodge.

33.    Strojnik breached the Settlement Agreement by violating the non-patronage clause when he (or his agent) physically visited the Catamaran.

34.    Evans Hotels has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the contract, or was excused from performing its obligations thereunder.

35.    As a result of Strojnik's breaches of contract, Evans Hotels has been damaged in an amount later to be proven, plus interest as allowable by law.

## SECOND CAUSE OF ACTION

### (Breach of Contract [Consulting Agreement])

### (Against Strojnik and Strojnik, P.C.)

36.    Evans Hotels incorporates by reference as though set forth herein each and every allegation set forth in paragraphs 1 through 36.

37.    Strojnik and Strojnik, P.C. entered into a Consulting Agreement with Evans Hotels on October 10, 2018.

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

38. Strojnik and Strojnik, P.C. breached the Consulting Agreement by failing to perform the services requested in the Consulting Agreement.

39. Evans Hotels has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the contract, or was excused from performing its obligations thereunder.

40. As a result of Strojnik and Strojnik, P.C.'s breach of contract, Evans Hotels has been damaged in an amount later to be proven, plus interest as allowable by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Evans Hotels prays against Strojnik and Strojnik, P.C. as follows:

**First Cause of Action:**

For general damages, according to proof;

For special damages, according to proof;

For interest at a maximum legal rate;

For attorney's fees and costs of suit incurred herein; and

For such other and further relief as this Court deems just and proper.

**Second Cause of Action:**

For general damages, according to proof;

For special damages, according to proof;

For interest at a maximum legal rate;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Case No. 3:19-cv-01446-BAS-AHG

ANSWER OF DEFENDANT BRAEMAR PARTNERSHIP dba CATAMARAN RESORT HOTEL AND SPAS TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1   For attorney's fees and costs of suit incurred herein; and

2   For such other and further relief as this Court deems just and proper.

3

4                                KLINEDINST PC

5

6

7   DATED:  June 23, 2020          By:      /s/ Nadia P. Bermudez

8                                           Nadia P. Bermudez
                                            Lindsey N. Casillas
9                                           Attorneys for Defendant, EVANS
                                            HOTELS, LLC (erroneously sued as
10                                          BRAEMAR PARTNERSHIP dba
                                            CATAMARAN RESORT HOTEL AND
11                                          SPA)

12  18517533.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Case No. 3:19-cv-01446-BAS-AHG

ANSWER OF DEFENDANT BRAEMAR PARTNERSHIP dba CATAMARAN RESORT HOTEL AND SPAS TO PLAINTIFF'S SECOND AMENDED COMPLAINT